VESELY, Appellant v. TELKAMP, Respondent

FREDERICKS, Appellant v. TELKAMP, Respondent

(206 N.W.2d 826)

(File Nos. 11167, 11168. Opinion filed May 4, 1973)

**Dudley R. Herman** of **Herman & Wernke,** Gregory, for plaintiffs and appellants.

**Eugene L. Martin** of **Benson, Beach, Fingerson & Wehde,** Huron, for defendant and respondent.

HERSRUD, Circuit Judge.

On March 15, 1962, an accident occurred between a car operated by Marilynn L. Vesely and a car operated by Marvin G. Telkamp. Wilhelmina W. Fredericks was a passenger in the auto operated by Marilynn L. Vesely. These two women are hereafter referred to as the plaintiffs and Marvin G. Telkamp is referred to as the defendant. Each of the plaintiffs brought an action for damages against the defendant. Service of summons and complaint in each case was not made until March 13, 1965, just prior to the running of the statute of limitations. Service of the answers was admitted in July and October 1965, as due and legal service.

No notice of trial was ever served upon the defendant. The next action in these cases was on January 24, 1972, over six years later, when the defendant served an affidavit, motion to dismiss

and notice of motion upon plaintiffs' counsel asking dismissal of the actions for failure to prosecute the actions. Hearing on this motion was noticed for February 11, 1972. Additional supportive affidavit and letters were served on plaintiffs' counsel on February 1, 1972. Also, prior to the hearing date there was a telephone communication between counsel regarding these cases. So far as the record discloses no answering affidavits were prepared or served upon the defendant's counsel prior to the date of the hearing on the motion to dismiss. Plaintiffs' counsel did not appear at the hearing in any manner. The court dismissed the actions on the defendant's appearance and showing, which order was served on the plaintiffs' counsel on February 22, 1972. Thereafter plaintiffs' counsel on April 10, 1972, noticed a motion to set aside the order of February 11, 1972, based upon a claim of excusable neglect under SDCL 15-6-60(b) (1). This motion was heard and denied on May 19, 1972, and notice of the denial served upon plaintiffs' counsel on May 23, 1972.

The plaintiffs appeal on several stated grounds. The disposition of these cases is decided on the issue of whether the trial court abused its discretion in denying plaintiffs' motion to set aside the order dismissing the actions of the plaintiffs. The court need not consider other arguments.

The plaintiffs here are seeking relief on grounds stated in SDCL 15-6-60(b) (1):

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect".

This court has repeatedly held that the above cited section should be liberally construed to the end that actions shall be tried on the merits and the matter is addressed to the sound discretion of the trial court. Davis v. Interstate Motor Carriers Agency, 85 S.D. 101, 178 N.W.2d 204, and cases cited.

Between the date of the original service of the motion to dismiss papers on the 24th of January 1972, and the date set for hearing which was February 11th the attorney for the plaintiffs received an additional affidavit and correspondence on or after February 1, 1972, from defendant's counsel and further was in telephone conversation with defendant's counsel about this hearing and also received a letter from one of the plaintiff's doctors relative to this lawsuit. Plaintiffs' claim for relief is based on the fact that time of hearing was not placed in the appointment book by their counsel's stenographer. The record is not clear as to whether time meant the time of day or whether time includes the date only.

For a period from March 15, 1962, when the accident happened almost three years elapsed before pleadings were served. From October 6, 1965, until 1972 when the defendant sought to dismiss the action over six years had elapsed. This lapse of time together with the attendant facts surrounding the defendant's motion to dismiss compels the conclusion that there was no abuse of discretion by the trial court in denying plaintiffs' motion to set aside its prior order of dismissal, and it follows, adopting the language in National Surety Corporation v. Shoemaker, 86 S.D. 302, 195 N.W.2d 134, but reaching an opposite conclusion, there was no abuse of discretion in granting the defendant's motion to dismiss. In this case we believe plaintiffs' counsel did not act reasonably in disregarding the service of two separate affidavits upon him at different times, nor in the failure to heed the letter from a doctor treating one of the plaintiffs nor in the failure to respond by answering affidavits to the motion by the defendant coupled with the telephone call from opposing counsel. This inattention to the case caused the default. Plaintiffs' counsel sets out that the time of hearing was not placed in the appointment book. It does not necessarily follow that plaintiffs' counsel then is excused from appearing. The record, if complete in the appointment book, would show, as the notice of motion did, the place, date, and time of hearing. The record here only shows that the time was not placed therein. Whether or not there is any reference at all to the hearing in the appointment book does not appear from the record.

The totality of circumstances surrounding attention to these files over a period of ten (10) years culminated in this result. It was not enough to have the time, place and date of hearing but there should have been a prior reference set out in the appointment book for preparation of answering affidavits.

Finally, even though the trial court had granted plaintiffs' motion to set aside the defendant's motion to dismiss and allowed him to appear at a later hearing on the defendant's motion, it is apparent from this record that the result would have been the same.

Affirmed.

BIEGELMEIER, C. J., and HANSON and WOLLMAN, JJ., concur.

HERSRUD, Circuit Judge, sitting for WINANS, J., disqualified.

DOYLE, J., not participating.